UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT E. HODGES JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:09CV00001 AGF |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $3,138.56 (18.75 hours at an hourly rate of $167.39), plus $5.32 for postage expenses incurred from the time of the filing of his complaint, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in his action challenging the Commissioner of Social Security's denial of Plaintiff's application for disability insurance benefits. Plaintiff's request for fees is supported by appropriate documentation. The Government has no objection to Plaintiff's request for attorney's fees and expenses in the amount of $3,143.88.

A "prevailing party" is entitled to recover fees and expenses under EAJA "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The

Commissioner bears the burden of proving that the denial of benefits was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) (citation omitted). The determination of whether the Commissioner's position was substantially justified is a matter for the Court's discretion. Id. The standard is whether the Secretary's position was "'clearly reasonable, well founded in law *and fact*, solid though not necessarily correct.'" Id.

Upon review of the record, the Court concludes that the Commissioner's position was not substantially justified, and that Plaintiff is entitled to attorney's fees under the EAJA. The EAJA provides for a maximum hourly rate of $125.00 per hour for attorney's fees "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

The Court finds that Plaintiff's application for attorney's fees is reasonable as to hours expended on this matter and that Plaintiff has submitted appropriate documentation supporting his request for fees at a rate in excess of the statutory limit. Thus, Plaintiff is entitled to attorney's fees in the amount of $3,138.56, plus $5.32 for additional expenses incurred.

The Eighth Circuit has held that an award of attorney's fees under the EAJA should be awarded to the prevailing party's attorney. Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, 78 U.S.L.W. 3251 (U.S. Nov. 2, 2009) (No. 08-1322).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees is **GRANTED** in the amount of $3,138.56, plus $5.32 for additional expenses incurred . [Doc. #20]

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff's attorney.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of May, 2010.